# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA

            **Plaintiff,**

-vs-                                      Case No.   3:18CR32 (1)(2)

STERLING ROBERTS
TAWNNEY M. CALDWELL

            **Defendant.**

---

### ENTRY AND ORDER GRANTING DEFENDANTS STERLING ROBERTS' AND TAWNNY CALDWELL'S MOTIONS (DOC. 251 and DOC. 244) TO CONTINUE LEGAL REPRESENTATION

---

      This matter comes before the Court pursuant to Motions to Continue Legal Representation by Defendant Tawnney C. Caldwell (Doc. 244) and Defendant Sterling H. Roberts (Doc. 251) to which no response has been filed.

      Both Defendants in this case were charged in Count Four of the original indictment alleging violations of 18U.S.C. 924 (c)(1)(A)(iii) and (j) and 2 with having aided and abetted each other, by having knowingly used, carried, and discharged a firearm during a crime of violence, specifically stalking, in violation of 18 U.S.C. 2261A (1)(A). This count carried with it the possibility of the death penalty for both Defendants. As such both Defendants were designated learned counsel as co-counsel with appointed local counsel. Attorney David L. Doughton for Defendant Tawnney Caldwell and Attorney Donald J. Malarcik for Defendant Sterling H. Roberts. On December 10, 2019, the Government filed a superseding indictment in which Count Four against both Defendant Caldwell and Defendant Roberts was omitted. Therefore, the death penalty is no longer a possibility for either Defendant. Learned counsel is no longer a statutory requirement as part of the defense teams. However, counsel for both Defendants move to continue as part of the defense team.

      Counsel for both Defendants have discussed the consequences of the superseding indictment with their clients. These defense teams have extremely good working relationships with the Defendants. Both Defendants have specifically requested that their learned counsel

remain as co-counsel to represent them in the remaining counts. Both counsel have established an extremely positive relationship with their respective co-counsel, investigators and experts of their defense teams.

This Court declared this case to be complex on January 16, 2020 based upon the quantity and nature of discovery, the complex issues that remain in the case. The magnitude of the discovery is demonstrated by the one thousand pages having already been provided with additional discovery possible plus numerous audio tapes.

Both defense teams believe that although not conspiracy charges, the aiding and abetting element presents unique legal challenges more complex than a typical conspiracy and that must be explored and developed for their respective defenses.

Both counsel have spent extensive time working with the defense investigators on developing an effective defense. Due to the sheer number of exhibits and witnesses both Defendants appear to be in need of two counsel.

Finally, if resolution is possible without trial, the trust that has been developed between these counsel and these Defendants can only assist. Otherwise two counsel for these Defendants would assure Defendant Caldwell and Roberts effective representation at trial.

In determining whether the existing circumstances warrant the retention of second appointed counsel, the Court considers the factors under sections 630.30.10-20 of the Guidelines for the Administering the CJA and related statutes that support the holding that while defendants are not entitled to two attorneys under 18U.S.C.3005 once the government declares its intent not to seek the death penalty, the district court may exercise its discretion to permit the defendant to retain both counsel if "extenuating circumstances" exist.

The Court specifically finds in these circumstances there is a need to avoid disruption of the proceedings. Termination of the appointment of the learned counsel as co-counsel will increase the work for the primary counsel which in turn will delay and disrupt the proceedings of this case. In addition, the Government informed this Court and Defendants its decision not to seek the death penalty well over one year after the appointment of the learned counsel. As important, this case is unusually complex. The complexity of this case has been recognized by both the United States Attorney and the defense counsels, as is evidenced by the Court's orders declaring the case complex. Finally, during the lengthy appointment, each learned counsel has established and developed a significant attorney-client relationship which will facilitate effective representation, if both learned counsel are maintained as co-counsel. Based on the above considerations, this Court

is convinced that there are extenuating circumstances in this case, which warrant the continued appointment of learned counsel as co-counsel on behalf of both Defendants.

Therefore, the Motions to Continue Representation by Defendant Caldwell (Doc. 244) and Defendant Roberts (Doc. 251) are GRANTED. Attorney David L Doughten is appointed as Co-Counsel for Defendant Tawnney Caldwell and Attorney Donald J. Malarcik is appointed Co-Counsel for Sterling H. Roberts, both to be compensated at the regular CJA rate commencing as of December 10, 2019.

IT IS SO ORDERED.

February 20, 2020                                        *s/Thomas M. Rose

                                                                    _____
                                                                    THOMAS M. ROSE, JUDGE
                                                                    UNITED STATES DISTRICT COURT