UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:18-CR-032 |
| | : | |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| | : | |
| v. | : | UNITED STATES' PROPOSED JURY |
| | : | INSTRUCTIONS |
| | : | |
| STERLING H. ROBERTS, | : | |
| | : | |
| Defendant. | | |

---

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby respectfully requests that the Court include the attached instructions in its charge to the jury. Unless otherwise indicated, all references to the 6th Circuit Pattern Criminal Jury Instructions reflect the current addition available online at: www.ca6.uscourts.gov/internet/crim_jury_insts.htm.

Leave is respectfully requested to include such other and additional instructions as may become appropriate during the course of trial.

DATED: March 1, 2022.                                   Respectfully submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY

s/Amy M. Smith
AMY M. SMITH (0081712)
SHEILA G. LAFFERTY (0042554)
KEVIN KOLLER (NY 5180609)
Assistant United States Attorneys
200 West Second Street
Suite 600
Dayton, Ohio 45402
(937) 225-2910

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___


**INTRODUCTION**

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

(4)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdict that you may return.

(6)     Please listen very carefully to everything I say.


[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.01]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

### JURORS' DUTIES

(1)     You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt as to the charged offenses.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and now these instructions. All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4)     Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.02]

3

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

(1)     As you know, the defendant has pleaded not guilty to the crimes charged in the Superseding Indictment. The Superseding Indictment is not any evidence at all of guilt. It is just the formal way that the government informs the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with the defendant unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays with the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the various crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.03]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**EVIDENCE DEFINED**

(1)    You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)    The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; [and the facts that I have judicially noticed].

(3)    Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)    During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)    Make your decision based only on the evidence, as I have defined it here, and nothing else.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.04]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

## CONSIDERATION OF EVIDENCE

(1)     You are to consider only the evidence in this case. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)     In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this an "inference."  A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

(3)     The existence of an inference does not change or shift the burden of proof from the government to the defendant.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.05]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

(1)    Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)    Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)    Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining outside.

(4)    It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.06]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**CREDIBILITY OF WITNESSES**

(1)     Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

    (A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

    (B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

    (C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

    (D)     Ask yourself how the witness acted while testifying. Did the witness appear honest?   Or did the witness appear to be lying?

    (E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

    (F)     [Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

    (G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence

that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)    These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.07]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**NUMBER OF WITNESSES**

(1)      One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)      Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the number of witnesses.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.08] (Note: Sixth Circuit recommends eliminating this instruction if the defendant elects not to call witnesses)

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**LAWYERS' OBJECTIONS**

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 1.09]

COURTS INSTRUCTION NO. _____

GOVERMENT'S PROPOSED INSTRUCTION NO. __

**INTRODUCTION TO THE ELEMENTS OF THE CRIMES**

(1)    That concludes the part of my instructions explaining your duties, the general rules that apply in every criminal case.   In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)    But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Superseding Indictment.  Your job is limited to deciding whether the government has proved any, or all of the crimes charged.

(3)    Also keep in mind that whether anyone else should be prosecuted and convicted for the crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 2.01]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___

**SEPARATE CONSIDERATION--SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES**

(1)  The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2)  Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 2.01A]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___

**ON OR ABOUT**

(1)     Next, I want to say a word about the various dates mentioned in the Superseding Indictment.

(2)     The Superseding Indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on that exact date. But the government must prove that the crimes happened reasonably close to that date.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 2.04]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___

**USE OF THE WORD "AND" IN THE SUPERSEDING INDICTMENT**

Although the Superseding Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 2.12]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO.

**CYBERSTALKING (COUNT 1)**
**(18 U.S.C. § 2261A(2)(A))**

(1)     Count 1 of the Superseding Indictment accuses the defendant of using any electronic communication service or any other facility of interstate or foreign commerce to engage in a course of conduct with the intent to kill, injury, harass, and intimidate Robert Caldwell that placed Robert Caldwell in reasonable fear of death or serious bodily injury.

(2)     For you to find the defendant guilty of the cyberstalking charge, the government must prove each of the following elements beyond a reasonable doubt:

(A)     First, between on or about August 1, 2017 and August 5, 2017 in the Southern District of Ohio, the defendant used (1) any interactive computer service; (2) any electronic communication service; (3) any electronic system of interstate commerce; and/or (4) any other facility of interstate or foreign commerce.

An "interactive computer service" is any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including a service or system that provides access to the Internet.

An "electronic communication service" is any service which provides to its users the ability to send or receive wire or electronic communications.

Transmitting a communication using a telephone or Internet constitutes use of a "facility of interstate commerce" regardless of whether the communication actually crossed a state line. However, you must find beyond a reasonable doubt that the specific communication in question was actually transmitted by means of the telephone or Internet.

(B)     Second, that the defendant used any of the above to engage in a course of conduct with the intent to kill, injure, harass, or intimidate Robert Caldwell.

A "course of conduct" means "a pattern of conduct composed of two or more acts, evidencing a continuity of purpose." 18 U.S.C. § 2266(2).

(C)     Third, that as a result of that course of conduct, Robert Caldwell was placed in reasonable fear of death or serious bodily injury.

The term "bodily injury" means any act that results in physical injury. 18 U.S.C. § 2266(1).

16

To establish this element, the government must prove that as a result of the defendant's conduct, an ordinary and reasonable person in Robert Caldwell's position would have been in fear of death or serious bodily injury.

(3)    If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

[3 Modern Federal Jury Instructions-Criminal 63.04; *United States v. Bowker*, 372 F. 3d 365, 378–79 (6th Cir. 2004), *vacated on other grounds by* 543 U.S. 1182; Court's Proposed Jury Instructions, *United States v. Bernal*, 5:18-CR-04013 (N.D. Iowa) (Doc. 36-2 at Pg. 11); Jury Instructions, *United States v. Matusiewicz*, 1:13-cr-83 (D. Del.) (Doc. 332 at Pg. 37-39, 41); *see also* 47 U.S.C. § 230(f)(2) (defining "interactive computer system"); 18 U.S.C. § 2510(15) (defining "electronic communication service"); *United States v. Weathers*, 169 F.3d 336 (6th Cir. 1999) ("It is well established that telephones, even when used intrastate, constitute instrumentalities of interstate commerce.").]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO.

**POSSESSION OF FIREARM BY CONVICTED FELON (COUNT 2)**
**(18 U.S.C. § 922(g)(1))**

(1)     Count 2 of the Superseding Indictment charges the defendant with being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. [If stipulated - The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year.]

(B)     Second: That the defendant, following his conviction, knowingly possessed a firearm[, which he acquired on or about August 15, 2017 in the Southern District of Ohio].

(C)     Third: That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year.

(D)     Fourth: That the firearm crossed a state line prior to or during the alleged possession.

(2)     Now I will give you more detailed instructions on some of these elements.

(A)     The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term firearm also means the frame or receiver of any such weapon, any firearm muffler or firearm silencer, or any destructive device.

(B)     The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 12.01]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___


## ACTUAL POSSESSION

(1)    Next, I want to explain something about possession. To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

(2)    But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.


[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 2.10A]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___


**INTERSTATE STALKING RESULTING IN DEATH (COUNT 3)**
**(18 U.S.C. § 2261A(1)(A))**

(1)    Count 3 of the Superseding Indictment accuses the defendant of traveling in interstate commerce with the intent to kill, injure, harass and intimidate Robert Caldwell and engaging in conduct in the course of, or as a result of, that travel or presence that placed Robert Caldwell in reasonable fear of death or serious bodily injury and that resulted in the death of Robert Caldwell.

(2)    For you to find the defendant guilty of the interstate stalking charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    (A)    First, that between or about August 12, 2017 and August 15, 2017, in the Southern District of Ohio, and elsewhere, the defendant traveled in interstate or foreign commerce.

        Travel in interstate commerce simply means travel between two or more states.

    (B)    Second, that the defendant traveled between two or more states with the intent to kill, injure, harass, or intimidate Robert Caldwell.

        In order to establish this element, it is not necessary for the government to prove that the commission of the acts charged in the Superseding Indictment was the sole purpose for crossing the state line. A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey. The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the travel across a state line was to engage in this illegal conduct. In other words, the illegal conduct must not have been merely incidental to the trip.

    (C)    Third, the defendant's acts and/or conduct placed Robert Caldwell in reasonable fear of death or serious bodily injury.

        The term "bodily injury" means any act that results in physical injury.  18 U.S.C. § 2266(1).

        To establish this element, the government must prove that as a result of the defendant's conduct, an ordinary and reasonable person in Robert Caldwell's position would have been in fear of death or serious bodily injury.

(3)    If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

[3 Modern Federal Jury Instructions-Criminal 63.03; *United States v. Al-Zubaidy*, 283 F. 3d 804, 808–09 (6th Cir. 2002); *United States v. Bowker*, 372 F.3d 365 (6th Cir. 2004), *vacated on other grounds by* 543 U.S. 1182 (2005); *United States v. Moonda*, 347 F. App'x 192, 200 (6th Cir. 2009) (holding that government did not have to prove that intent to kill, injure, harass or intimidate was the sole purpose of the interstate travel);  *United States v. Walker*, 665 F.3d 212, 225 (1st Cir. 2011).]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __


**DEATH RESULTING ENHANCEMENT (COUNT 3)**

(1)     If you have found the defendant guilty in Count 3, you will need to decide whether this conduct resulted in Robert Caldwell's death.

(2)     A person's death "results" from an offense only if that offense caused, or brought about, that death.

(3)     In determining whether the interstate stalking charged in Count 3 caused Robert Caldwell's death, you must affirmatively answer two questions.

(A)     First, would Robert Caldwell's death have occurred as alleged in the Superseding Indictment in the absence of the interstate stalking? Stated differently, you should decide whether Robert Caldwell would have died on August 15, 2017, but for defendant's actions.

(B)     Second, was Robert Caldwell's death a reasonably foreseeable result of defendant's actions? Stated differently, you should decide whether a reasonable person, knowing all of the evidence presented during this trial, would have foreseen that Robert Caldwell's death would result from defendant's actions.


[*Burrage v. United States*, 571 U.S. 204, 210–12 (2014); *United States v. Gonzalez*, 905 F.3d 165 (3d Cir. 2018); Jury Instructions, *United States v. Matusiewicz*, 1:13-cr-83 (D. Del.) (Doc. 332 at Pg. 46).]

COURT'S INSTRUCTION NO.  _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**INFERRING REQUIRED MENTAL STATE**

(1)    Next, I want to explain something about proving a defendant's state of mind.

(2)    Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)    But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)    You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 2.08]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO.


**PLACE OF OFFENSE – VENUE**

(1)    It is necessary that the United States prove by a preponderance of the evidence that the commission of some or all of the acts of each offense charged occurred in the Southern District of Ohio as alleged in the Superseding Indictment.

(2)    Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it.

(3)    A preponderance means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality may or may not be identical with quantity or the greater number of witnesses.

(4)    If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

(5)    The Southern District of Ohio includes all of the State of Ohio south of a line drawn from east to west across the state just north of the City of Columbus. The City of Dayton and Montgomery and Greene Counties are each located within the Southern District of Ohio.


[COURT ISSUED JURY INSTRUCTION - UNITED STATES V. MARK THORNTON, 3:05-CR-183-WHR]

COURT'S INSTRUCTION NO. _____

GOVERMENT'S PROPOSED INSTRUCTION NO. ____

**UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS**

Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 3.06]

COURT'S INSTRUCTION NO. _____

GOVERMENT'S PROPOSED INSTRUCTION NO. ____

**TESTIMONY OF AN ACCOMPLICE(S) UNDER GRANT OF IMMUNITY OR
REDUCED CRIMINAL LIABILITY**

(1)     You have heard the testimony of _____. You have also heard that s/he was involved in one or more of the crimes that the defendant is charged with committing.

(2)     You have also heard that the government has promised him/her that [s/he will _____] in exchange for his/her cooperation. It is permissible for the government to make such a promise.

(3)     You should consider _____'s testimony with more caution than the testimony of other witnesses. You should also consider whether his/her testimony may have been influenced by the government's promise.

(4)     Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his/her testimony beyond a reasonable doubt.

(5)     The fact that _____ has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.07 & 7.08]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**IDENTIFICATION TESTIMONY**

(1)    You have heard the testimony of _____, who has identified the defendant as the person who _____. You should carefully consider whether this identification was accurate and reliable.

(2)    In deciding this, you should especially consider if the witness had a good opportunity to see the person at that time. For example, consider the visibility, the distance, whether the witness had known or seen the person before, and how long the witness had to see the person.

(3)    You should also consider the circumstances of the earlier identification that occurred outside of court. For example, consider how that earlier identification was conducted, and how much time passed after the alleged crime before the identification was made.

(4)    Consider all these things carefully in determining whether the identification was accurate and reliable.

(5)    Remember that the government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crimes charged.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.11]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

### FLIGHT, CONCEALMENT OF EVIDENCE, FALSE EXCULPATORY STATEMENTS

(1)     You have heard testimony that after the August 5, 2017 crime was allegedly committed, the defendant fled to a different state.

(2)     You have also heard testimony that after the August 15, 2017 crime was allegedly committed, the defendant fled to a different state.

(3)     If you believe that the defendant fled to a different state, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crimes charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may flee to a different state for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.14]

28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

## TRANSCRIPTIONS OF RECORDINGS

(1)    You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

(2)    Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.17]

COURT'S INSTRUCTION NO.  _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**EXHIBITS**

A number of exhibits and testimony related to them have been introduced. You will determine what weight, if any, the exhibits should receive in the light of all the evidence. The weight of the evidence is not necessarily determined by the number of exhibits offered.

[COURT ISSUED JURY INSTRUCTION - UNITED STATES V. MARK THORNTON, 3:05-CR-183-WHR]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE**

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.12]

31

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __


**SECONDARY- EVIDENCE SUMMARIES ADMITTED IN EVIDENCE**

(1)     During the trial you have seen or heard summary evidence in the form of a chart, drawing, calculation, testimony, or similar material.  This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2)     But the summary itself is not evidence of the material it summarizes and is only as valid and reliable as the underlying material it summarizes.


[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.12A] [if applicable]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**STATEMENTS BY DEFENDANT**

(1)     You have heard evidence that the defendant, Sterling Roberts, made statements in which the government claims he admitted certain facts. It is for you to decide whether the defendant made those statements, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendant allegedly made them.

(2)     You may not convict the defendant solely upon his own uncorroborated statements or admissions.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.20]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __


IF DEFENDANT <u>DOES NOT</u> TESTIFY:

### DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

(1)     A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2)     Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.


[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.02A]


IF DEFENDANT <u>DOES</u> TESTIFY:

### DEFENDANT'S TESTIMONY

(1)     You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2)     You should consider those same things in evaluating the defendant's testimony.


[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.02B]


34

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**OPINION TESTIMONY**

(1)     You have heard the testimony of _____, who testified as an opinion witness.

(2)     You do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he/she reached his/her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.03]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS**

(1)    You have heard the testimony of _____, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

(2)     As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses

(3)    As to the testimony on opinions, you do not have to accept _____'s opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4)    Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.03A]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**STIPULATIONS**

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved: [*insert facts stipulated*].

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 7.21]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**INTRODUCTION CONCERNING THE VERDICT**

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)     If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5)     One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.01]

38

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE
COMMUNICATIONS**

(1)     Remember that you must make your decision based only on the evidence that you saw
and heard here in court.

(2)     During your deliberations, you must not communicate with or provide any information to
anyone by any means about this case.  You may not use any electronic device or media or
application, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or
computer, the Internet, any Internet service, or any text or instant messaging service, any
Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube,
Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to
communicate to anyone any information about this case or to conduct any research about
this case until I accept your verdict.   In other words, you cannot talk to anyone on the
phone, correspond with anyone, or electronically communicate with anyone about this
case. You can only discuss the case in the jury room with your fellow jurors during
deliberations. I expect you will inform me as soon as you become aware of another juror's
violation of these instructions.

(3)     You may not use these electronic means to investigate or communicate about the case
because it is important that you decide this case based solely on the evidence presented in
this courtroom.   Information on the Internet or available through social media might be
wrong, incomplete, or inaccurate.  Even using your smartphones, tablets, and
computers—and the news and social media apps on those devices—may inadvertently
expose you to certain notices, such as pop-ups or advertisements, that could influence
your consideration of the matters you've heard about in this courtroom.  You are only
permitted to discuss the case with your fellow jurors during deliberations because they
have seen and heard the same evidence you have. In our judicial system, it is important that
you are not influenced by anything or anyone outside of this courtroom. Otherwise, your
decision may be based on information known only by you and not your fellow jurors or
the parties in the case. This would unfairly and adversely impact the judicial process.   A
juror who violates these restrictions jeopardizes the fairness of these proceedings, and a
mistrial could result, which would require the entire trial process to start over.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.02]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**UNANIMOUS VERDICT**

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

(2)     To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)     To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous as to each count.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.03]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**DUTY TO DELIBERATE**

(1)    Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)    But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)    No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds.

(4)    Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.04]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __


**PUNISHMENT**

(1)   If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)   Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)   Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.


[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.05]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**VERDICT FORM**

(1)    I have prepared a verdict form that you should use to record your verdict.  The form reads as follows:

(2)    If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.06]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __

**VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

(1)     Remember that the defendant is only on trial for the particular crimes charged in the Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(2)     Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.08]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __


**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.


[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.09]

45

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

**JUROR NOTES**

(1)    Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)    Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

[SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION 8.10]