UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

United States of America,

        Plaintiff,         Case No. 3:18-cr-032 (1)

v.         Judge Thomas M. Rose

Sterling H. Roberts,

        Defendant.

**ENTRY AND ORDER DENYING MOTION TO SUPPRESS DEFENDANT'S ORAL STATEMENTS OF AUGUST 29, 2017. DOC. 381.**

Defendant, Sterling H. Roberts has moved the Court to suppress oral statements he made to Riverside, Ohio law enforcement officials in South Carolina on August 29, 2017, as, he now alleges, they were gathered in violation of the Sixth Amendment to the United States Constitution, *Texas v. Cobb*, (2001), 532 U.S. 162 and its progeny.

**Background**

The Superseding Indictment in this matter alleges that the Defendant, Sterling H. Roberts, participated in a continuing course of conduct with various co-Defendants throughout the month of August 2017. (Doc. 233). Specifically, the Government alleges that between on August 1, 2017 and August 5, 2017, the Defendant, aided and abetted by Tawnney M. Caldwell, committed the offense of interstate stalking by luring Robert Caldwell to Jamestown, Ohio, in an abortive attempt to murder him. (Doc. #233, PageID 1096-1097).

Following this incident, the Government alleges that between on or around August 12, 2017 and August 15, 2017, the Defendant, again aided and abetted by Tawnney M. Caldwell, committed the offense of interstate stalking resulting in the death of Robert Caldwell when

Caldwell was accosted and shot in the parking lot of the Cornerstone Building in Riverside, Ohio. (Doc. 233, PageID 1097). The Government also alleges that Mr. Roberts was a felon in possession of a firearm on August 15, 2017, before and during the commission of the offense of interstate stalking resulting in the death of Robert Caldwell. Id.

Defendant fled Ohio, travelling to South Carolina on August 18, 2017, in an effort to avoid detection and flee from law enforcement. Defendant was arrested in Spartanburg, South Carolina on August 19, 2017. While parked at a gas station in Spartanburg, South Carolina, he brandished a Romarm model Cugir 7.62 caliber rifle (i.e., an "AK-47") at sheriff's deputies and fired at them.

That evening, Roberts was first questioned by Sergeant Joseph Guffey of the Spartanburg County Sheriff's Office about his possession and use of the AK-47 in Spartanburg, South Carolina. Roberts signed a written *Miranda* waiver prior to that interview. During that interview, Roberts volunteered that he was a suspect in a separate crime in Dayton, Ohio.

Detective Mark Gaddy of the Spartanburg County Sheriff's Office later spoke with detectives from the Riverside, Ohio police department. See, Doc. 381-1, Spartanburg County Sheriff's Office Deputy Report. The Riverside detectives were concerned about the timing of the initial appearance of Sterling Roberts in South Carolina and how this might affect their case in Ohio. Id. Deputy Gaddy arranged to push back Roberts' initial appearance to 10:00 p.m. that evening. Id. Riverside Detective Abney sent Deputy Gaddy a summation of the Ohio case and a list of questions Riverside wanted answered in the Defendant's interview. Id.

The following evening, around 6:00 p.m. on August 19, 2017, Gaddy questioned Roberts using questions that had been provided by detectives with the Riverside Police Department concerning the events in Ohio. Roberts waived his *Miranda* rights prior to this second interview. At that time, because he was a suspect in the commission of several offenses, his vehicle was

searched, and officers seized evidence relating to the offenses.

On August 23, 2017, a complaint was filed against the Defendant in the United States District Court for the District of South Carolina, charging Roberts with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Doc. 381-2, Criminal Docket for Case Number 7:17-MJ-00202.

On August 24, 2017, Roberts attended an initial appearance in the District Court on the South Carolina charges, with the assistance of counsel from the Federal Public Defender's Office, who had been appointed to represent the Defendant. See Doc. 381-2, Exhibit B, at 6, 7. Roberts' attorney was Erica Soderdahl of the Federal Public Defender's Office for the District of South Carolina. Id.

On August 29, 2017, five days after counsel was appointed for Roberts and accepted by him on the South Carolina charges, Riverside Detectives Abney and Seward traveled to the Spartanburg County Sheriff's Office to conduct another interview with Sterling Roberts concerning the Ohio charges. Detective Abney advised Roberts of his *Miranda* rights using a Montgomery County, Ohio *Miranda* rights card.

Initially, Roberts advised that he did not have anything to say to the detectives, but he followed up by saying that he hated that they had traveled all the way to South Carolina and wasted their time. He then stated that he was willing to talk to the detectives. Roberts then provided a third interview to the Riverside detectives.

Defendant now moves the Court to suppress the verbal statements made to Detectives Abney and Seward on August 29, 2017 on the grounds that these statements were taken in violation of his Sixth Amendment right to counsel and were not effectively waived by the Fifth Amendment rights advisement provided to the Defendant.

**Analysis**

3

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. The Sixth Amendment right to counsel does not attach until a prosecution commences, which occurs "only at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Turner v. United States*, 885 F.3d 949, 952 (6th Cir. 2018) (en banc) (quoting *Rothergy v. Gillespie Cnty*, 554 U.S. 191, 198 (2008)). The Sixth Amendment right to counsel is "offense specific." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991).

The United States Supreme Court has noted on multiple occasions that "police have an interest in investigating new or additional crimes after an individual is formally charged with one crime and that "exclud[ing] evidence pertaining to charges as to which the Sixth Amendment right to counsel ha[s] not attached at the time the evidence was obtained simply because other charges were pending at that time, would unnecessarily frustrate the public's interest in the investigation of criminal activities." Id. (alterations and quotation omitted). Accordingly, the right to counsel "cannot be invoked once for all future prosecutions, or once for all 'factually related' offenses." *Turner*, 885 F.3d at 954 (quoting *Texas v. Cobb*, 532 U.S. 162, 168–69 (2001)). In *Texas v. Cobb*, the United States Supreme Court held that the test to determine whether two offenses are separate offenses for the purpose of the Sixth Amendment right to counsel is the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), which applies in the context of double jeopardy. *Cobb*, 532 U.S. at 173; see also *Turner*, 885 F.3d at 954 (*Cobb* "incorporated all of [the Supreme Court's] double jeopardy jurisprudence (including the dual sovereignty doctrine)" into the Sixth Amendment context). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision

4

requires proof of a fact which the other does not." *Turner*, 885 F.3d at 954 (quoting *Blockburger*, 284 U.S. at 304).

At the time of the interview on August 29, 2017, Roberts had no Sixth Amendment right to counsel on the Ohio charges because criminal prosecution did not commence on those charges until February 2018, when he was charged in this case. See *Turner*, 885 F.3d at 952. Moreover, Roberts did not ask for counsel or otherwise seek to invoke any right to counsel, despite being advised by Detective Abney that he could have counsel present if he wished or stop the interview at any point.

Defendant's motion asserts that the questioning violated his Sixth Amendment rights as to the present charges because at the time of questioning his right to counsel had been invoked in his then-pending federal prosecution in the United States District Court for the District of South Carolina. But the South Carolina § 922(g) charge constitutes a separate offense under the *Blockburger* test from any of the charged offenses in this case, and the invocation there does not apply to the future prosecutions.

Roberts asks the Court to equate his South Carolina § 922(g) charge with count 2 of the Superseding Indictment, which also charges him with knowingly possessing a firearm having previously been convicted of a felony, but the facts supporting the two charges are distinct. The South Carolina charge required proof that Roberts (1) possessed an AK-47; (2) in South Carolina; (3) on or about August 18, 2017. In the case before this Court, Count 2 charges Roberts with possessing a different gun, in a different state on a different date. Because "each provision requires proof of a fact which the other does not," the two offenses are not the same, either for double jeopardy purposes or for purposes of the Sixth Amendment right to counsel. See *Cobb*, 532 U.S. 173; see also *United States v. Hudson*, 267 F. Supp. 2d 818, 822–23 (S.D. Ohio 2003) (holding that defendant's Sixth Amendment right to counsel did not attach to a future § 922(g)

5

charge because, under the *Blockberger* test, the then-uncharged § 922(g) offense was not the same offense as a then-pending state concealed weapon charge); cf. *United States v. Hines*, 963 F.2d 255, 257–58 (9th Cir. 1992) (holding pre-*Cobb* that the Sixth Amendment right to counsel did not attach to an uncharged firearm possession crime even though defendant had already been charged with the same offense because the uncharged offense involved a different place, time, and persons). Therefore, Motion to Suppress Defendant's Oral Statements of August 29, 2017, Doc. 381, is **DENIED**.

      **DONE** and **ORDERED** in Dayton, Ohio on Tuesday, March 15, 2022.

                                        s/Thomas M. Rose
                                        _____
                                        THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE