UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | : |
| | : |
| Plaintiff, | : Case No. 3:18-cr-32(1) |
| | : |
| v. | : Judge Thomas M. Rose |
| | : |
| **STERLING H. ROBERTS**, | : |
| | : |
| Defendant. | : |

### ENTRY AND ORDER OVERRULING STERLING H. ROBERTS' OBJECTION TO GOVERNMENT'S EXHIBITS 76 AND 79

Before the Court is Defendant Sterling H. Roberts' ("Roberts") objection to the United States of America's (the "Government") Exhibits 76 and 79. Roberts argues that the Exhibits have been modified to create greater clarity and to enhance portions of a surveillance video that captured Robert Caldwell's murder, thus the enhanced video and screen captures the Government seeks to introduce no longer accurately and authentically represent the footage that was originally captured. For the reasons explained below, the Court **OVERRULES** the objections.

**I.  BACKGROUND**

On August 15, 2017, Robert Caldwell ("Caldwell") was killed outside of the Cornerstone Building in Riverside, Ohio. (Doc. No. 367 at PageID 2624.) The United States of America (the "Government") alleges that Defendant Sterling Roberts ("Roberts") waited outside the building, hidden behind a mailbox. (*Id*.) Upon Caldwell's exit from the building, the Government alleges Roberts fired multiple shots at Caldwell from behind and fired several more shots into Caldwell while standing over his body. (*Id*.)

Law enforcement obtained a surveillance video from a neighboring building that captured

1

Caldwell's murder and images of a potential suspect. (Doc. No. 351 at PageID 2439-40.) David Loomis ("Loomis") of the Ohio Organized Crime Investigations Commission, part of the Ohio Attorney General's office, testified at trial regarding his enhancement of the surveillance video that captured Caldwell's murder and his enhancement of screen captures taken from that video. Loomis' enhanced the video and screen captures by applying filters that sharpen the images, level the imagines, clarify the images, and provides sharpness and brightness. The substantive content of the images are not changed in this process. The surveillance video that was later enhanced by Loomis and offered as Exhibits 76 and 79 was previously shown to the jury in its original form.

## II.    ANALYSIS

Prior to the introduction of Government's Exhibits 76, a video that has been enhanced and has had portions enlarged, and Exhibit 79, a series of enhanced screen captures from the video that also had portions enlarged, Roberts objected. Roberts argued that the enhanced versions of the video and screen captures would not accurately duplicate the original images and that in enhancing the video and screen captures, the original video had been manipulated. The Government argued that the accuracy, authenticity, and trustworthiness of the images were not affected because the process used by Loomis does not distort the images or affect their authenticity.

The Court finds after review of the enhanced surveillance video and screen captures contained in Exhibits 76 and 79 respectively, that the enhancements and enlargements do not distort, nor do they affect the authenticity of the video or the screen captures. *See United States v. Cobb*, No. CR-2-07-0186, 2008 U.S. Dist. LEXIS 122132, at *9-10 (S.D. Ohio May 7, 2008) (Finding that enlarging a still photograph extracted from a video tape would not distort the image to such an extent that it would become unreliable); *Malik First Born Allah Farrad v. United States*, No. 3:19-CV-434; 3:14-CR-110, 2021 U.S. Dist. LEXIS 138727, at *11-12, 2021 WL 138727

(E.D. Tenn. Jul. 26, 2021) (citing *United States v. Seifert*, 351 F. Supp. 2d 926, 928 (D. Minn. 2005) ("[E]nhancements to photos for enlargement, brightness, or contrast, are similarly permissible")). Exhibts 76 and 79 are admissible under the Best Evidence Ruke. Fed. R. Evid. 1001, 1002, 1003.

### III.   CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendant Sterling Roberts' objections, but notes an ongoing objection to Exhibit 76 and 79.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, March 18, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE