**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18-cr-32-1 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| STERLING H. ROBERTS, | : | Magistrate Judge Michael R. Merz |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

---

**ENTRY AND ORDER ADOPTING THE REPORT AND
RECOMMENDATIONS (DOC. NO. 476); DENYING DEFENDANT'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY (DOC. NO. 461)**

---

This § 2255 proceeding, brought *pro se* by Defendant Sterling Roberts under 28 U.S.C. § 2255, is before the Court on Defendant's Objections (Doc. No. 477) to the Magistrate Judge's Report and Recommendations (the "Report") (Doc. No. 476). Therein, Magistrate Judge Michael R. Merz recommends the denial of Defendant's Motion to Vacate (Doc. No. 461). (Doc. No. 476 at PageID 6035.) As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Defendant. Having done so, the Court finds the objections are without merit.

The Report relied in part on the declaration under penalty of perjury of one of Defendant's trial attorneys, Donald J. Malarcik. Mr. Malarcik denied having been told of an incident in which an FBI agent who was to testify in Defendant's trial got on the same elevator as two jurors and made comments to them. The Magistrate Judge's Report found that it was not ineffective assistance of trial counsel to fail to report this to the Court and request a *Remmer* hearing because

1

doing so would risk a mistrial when the case had been pending for some time and had been in trial for eight days.  Defendant's Objections do not suggest why this could not have been an acceptable strategic choice by counsel.

The Court agrees with the Report and finds it was not deficient performance to fail to request a *Remmer* hearing.  Even the text message Defendant relies upon to suggest that his attorneys were aware of this elevator incident does not necessarily evince defense counsel's ineffectiveness.  Indeed, that text message can reasonably be read to depict an instance where the FBI agent who was set to testify simply exchanged niceties with two jurors as he got on the elevator.  Further, the text message was supposedly sent to one of Defendant's attorneys as part of a long barrage of texts to counsel attempting to improperly dictate trial strategy.  It would have been perfectly reasonable for counsel to view the purported elevator instance as yet another unwarranted demand.  Thus, Defendant's objection regarding the *Remmer* hearing issue is overruled.

Defendant makes no objection to other issues dealt with in the Report, to wit, the asserted failure of defense counsel to call a character witness about Defendant's experience with firearms, the testimony of attorney Lori Cicero, failure to call Tawney Caldwell as a witness, and the asserted failure to "challenge" the misidentification.  The Report's conclusions on those issues are adopted.

Based on this analysis, it is hereby **ORDERED** that the Report and Recommendations (Doc. No. 476) is adopted and Defendant's Objections (Doc. No. 477) are **OVERRULED**. Accordingly, the Court hereby **DENIES** Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. No. 461).  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of

appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 24, 2025.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE