UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:18-cr-32-1 |
| v. | : Judge Thomas M. Rose |
| STERLING H. ROBERTS, | : Magistrate Judge Michael M. Merz |
| Defendant, | : |

**ENTRY AND ORDER DENYING MOTION TO RECONSIDER DENIAL OF DEFENDANT'S 28 U.S.C. § 2255 MOTION UNDER RULE 59(e) (DOC. NO. 479)**

This § 2255 proceeding, brought *pro se* by Defendant Sterling Roberts under 28 U.S.C. § 2255, is before the Court on Defendant's Motion for Reconsideration (Doc. No. 479).  The Federal Rules of Civil Procedure do not provide for a motion for reconsideration under that name, but they do allow for a motion to amend the judgment under Fed. R. Civ. P. 59(e), provided the motion is filed within twenty-eight days of judgment.  Defendant's motion is timely under that rule and will be treated as made under Fed. R. Civ. P. 59(e).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union,*

1

> *Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), *quoting Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.; McBride v. Skipper*, 76 F.4th 509 (6th Cir. 2023).  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment").

Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence.  *Id.* In ruling on a Fed. R. Civ. P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. *See* 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, pp. 163-164

2

(3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Banister v. Davis*, 590 U.S. 504 (2020).

Reviewing Defendant's Motion, the Court finds that it depends entirely on arguments made prior to judgment and rejected by the Court. It does not advert to any issue not considered by the Court in denying Defendant's § 2255 Motion. To the extent Defendant believes the Court's decision was in error, he is of course free to attempt to persuade the Sixth Circuit Court of Appeals of his claims, provided that, that Court grants him a certificate of appealability, which this Court has denied. Hence, the Motion to Reconsider Denial of Defendant's 28 U.S.C. § 2255 Motion Under Rule 59(e) (Doc. No. 479) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, December 10, 2025.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
